UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

```
*****************************************
                            *
JANE DOE No. 101,           *
            Plaintiff       *
                            *
v.                          *        C. A. No.
                            *
TODD C. MCELROY,            *
            Defendant       *
                            *
*****************************************
```

# C O M P L A I N T

## JURISDICTION

1.      The Court has jurisdiction over this action pursuant to 28 U.S.C. 1332, in that plaintiff, JANE DOE No. 101, is a citizen of the Commonwealth of Massachusetts, the defendant, TODD C. MCELROY, is a citizen of the State of Vermont, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

2.      The Court has jurisdiction over the defendant TODD C. MCELROY, under Massachusetts General Laws, Chapter 223A, §3 (c), in that the defendant, at all relevant times, caused tortious injury by acts and omissions, in the Commonwealth of Massachusetts.

## PARTIES

3.      The plaintiff JANE DOE No. 101 ("JANE") is an individual residing in Essex County, Massachusetts.

4.      The defendant TODD C. MCELROY, M.D. ("MCELROY") is an individual residing

1

at 2E Waldwinkle Way, Dover, Vermont.

## STATEMENT OF FACTS COMMON TO ALL CLAIMS

5.     At all times relevant to this action, the plaintiff JANE was a citizen of the Commonwealth of Massachusetts.

6.     In 2008, JANE was 23 years old, a student at Barnard College of Columbia University, in New York, and also an intern at Ridgecrest Investment Management, LLC, a hedge fund where defendant MCELROY was the CFO.

7.     MCELROY assumed the role of mentor and boss, offering to help pay for business courses, and aid her career.   During this time, JANE learned MCELROY had recently lost his brother, and with that disclosure started to feel more trusting of him. JANE babysat his children in the office and bought them presents. JANE spoke with him about her professional aspirations, and he continually stated he would help her.

8.     On or about October 6, 2008, MCELROY drugged, and then raped, JANE, while she was incapacitated.

9.     Plaintiff JANE awoke in different clothes, confused, sore, and with vaginal pain.

10.    JANE went into work and confronted MCELROY the next day, who admitted what he had done.

11.    MCELROY behaviors escalated with texts saying he was driving by JANE's apartment and that he was in love with her.

12.    JANE feared for her safety, and promptly quit her job without explanation to her

employer, hurting any chance of recommendation or help with future job options. This caused JANE to develop extreme suicidal thoughts, depression and Post-Traumatic Stress Disorder.

13. The mental trauma that resulted from the rape caused JANE's grades at Columbia to decline significantly, whereupon she decided to leave school and return to Massachusetts, where her family is located, in order to feel safe.

14. In Massachusetts JANE attempted to finish schooling at Harvard Extension, but found PTSD and trauma too extensive and debilitating.

15. JANE withdrew from friends and loved-ones, and became active with her eating disorder.

16. Because JANE found it difficult to be around men, or stay in classrooms, she eventually left Harvard Extension.

17. JANE went into therapy multiple times a week, but she continued to deteriorate from the trauma. It became medically necessary for her to enter inpatient treatment due to the severity of her anxiety and PTSD.

18. Since then, defendant MCELROY has continuously attempted to contact JANE, and to harass her with unwanted protestations of contrition and affection, admissions, apologies, and a job offer.

19. JANE made every effort to avoid any contact, including changing her email and telephone numbers, but MCELROY has continued to find ways to contact her in Massachusetts.

20.  Contact escalated in November, 2018, when MCELROY started sending text

messages, stating his desire to turn himself in, and make amends, but then threatening suicide.

21.   JANE obtained a Restraining Order against MCELROY due to his continual harassment and threats.

22.   In spite of the 2018 Massachusetts Restraining Order, which has been served on MCELROY, and is presently in effect, he has continued to contact her.

23.   MCELROY has violated the Restraining Order on several occasions, most recently on December 20, 2018, by calling her home three times, twice at 5:00 AM, and leaving a voicemail message, and also calling her cell phone at 9:43 PM and 12:43 AM.

24.   MCELROY has inflicted emotional distress in a number of ways. One of the most devastating for JANE is to claim that he will commit suicide if she does not talk to him, which she finds particularly distressing since she has met, and occasionally would watch, his young children while she interned at Ridgecrest Investments.

25.   JANE has had several mental health hospitalizations as a result of the emotional distress inflicted upon her by MCELROY, and has incurred medically related bills as a result, in excess of $500,000.

26.   This emotional distress, and the resultant hospitalizations, have caused JANE  to suffer continual emotional upset and interfered with her education, her employment, her social relationships, and her daily activities of life.

27.   As a result of MCELROY's continuous harassments and assaults upon her, JANE has been seriously and permanently injured, and continues to suffer at

present from psychological disease, which impairs and affects all aspects of her life.

## CLAIMS FOR RELIEF

### FIRST CLAIM

28.   Plaintiff realleges and incorporates herein the allegations contained in each and every other paragraph of this Complaint.

29.   Defendant MCELROY sexually assaulted and battered the plaintiff JANE.  She suffered bodily harm, humiliation, severe emotional distress, and permanent psychological damages.  She has incurred expenses and will likely incur future expenses for medical and psychological treatment, and has suffered loss of earning capacity.

### SECOND CLAIM

30.   Plaintiff realleges and incorporates herein the allegations contained in each and every other paragraph of this Complaint.

31.   Defendant MCELROY negligently inflicted emotional distress upon the plaintiff JANE.  She suffered bodily harm, humiliation, severe emotional distress, and permanent psychological damages.  She has incurred expenses and will likely incur future expenses for medical and psychological treatment, and has suffered loss of earning capacity.

### THIRD CLAIM

32.   Plaintiff realleges and incorporates herein the allegations contained in each and every other paragraph of this Complaint.

33.   Defendant MCELROY intentionally inflicted emotional distress upon the plaintiff JANE.  She suffered bodily harm, humiliation, severe emotional distress, and permanent psychological damages.  She has incurred expenses and will likely incur future expenses for medical and psychological treatment, and has suffered loss of earning capacity.

**FOURTH CLAIM**

34.   Plaintiff realleges and incorporates herein the allegations contained in each and every other paragraph of this Complaint.

35.   Defendant MCELROY interfered with plaintiff JANE's rights under the constitution and laws of the United States, and under the constitution and laws of the Commonwealth of Massachusetts by threats, intimidation and coercion.  He is liable to the plaintiff in accordance with G.L. c. 12, §11H and I.  She suffered bodily harm, humiliation, severe emotional distress, and permanent psychological damages.  She has incurred expenses and will likely incur future expenses for medical and psychological treatment, and has suffered loss of earning capacity.

**FIFTH CLAIM**

36.   Plaintiff realleges and incorporates herein the allegations contained in each and every other paragraph of this Complaint.

37.   Defendant MCELROY has continued his tortious acts against the plaintiff JANE for more than ten (10) years.

38.   The plaintiff has not been able, on her own, to avoid the harm which  defendant MCELROY continues to inflict upon her, or to deter the defendant by seeking

judicial intervention.

39.   Wherefore, plaintiff requests the Court to exercise its equitable powers, to restrain the defendant's continued assaults upon her.

## RELIEF REQUESTED

The plaintiff demands judgment against the defendant MCELROY on each of the Counts stated, in an amount which is fair, just and adequate for the injuries and damages sustained, and the pain and suffering endured, plus interest and costs.

The plaintiff further prays for temporary and permanent orders restraining the defendant MCELROY from future contact with the plaintiff, and for such other and further relief as the Court may grant.

**PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL CLAIMS**.

By her Attorney,

/s/ *Carmen L. Durso*
CARMEN L. DURSO, ESQUIRE
BBO # 139340
Law Office of Carmen L. Durso
175 Federal Street, Suite 1425
Boston, MA 02110-2287
617-728-9123  / *carmen@dursolaw.com*
January 25, 2019